# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINA GONZALEZ KREUTZKAMP,<br><br>    Plaintiff,<br><br>v.<br><br>LETICIA VEGA, *et al.*,<br><br>    Defendants. | Case No. 17-cv-01265-BAS-KSC<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) TERMINATING MOTIONS TO PROCEED** ***IN FORMA PAUPERIS*** **(ECF Nos. 2, 4, 5)** |

On June 21, 2017, Defendants Lila Galindo, Damariez Vega, and Leticia Vega removed this matter to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.) On the same day, Defendants filed motions seeking leave to proceed *in forma pauperis*. (ECF Nos. 2, 4, 5.)

A court addresses the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States and is 'inflexible and without exception.' " *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95

(1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Here, Defendants seek to remove this action from state court based upon federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal "defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, (1987)). A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Rivet*, 522 U.S. at 475.

The case removed here is a residential unlawful detainer action. (Compl. – Unlawful Detainer, Notice of Removal Ex. A, ECF No. 1.) It contains one cause of action for unlawful detainer brought pursuant to California Code of Civil Procedure section 1161(2). (*Id.*) Therefore, the action arises exclusively under California state law. Defendants argue in their Notice of Removal that a federal question exists because they filed a responsive pleading in state court that required a determination of the parties' "duties under federal law." (*Id.*) The Court is unconvinced. Plaintiff's Complaint does not raise a federal issue. Consequently, even if Defendants have implicated the parties' "duties under federal law" by raising federal defenses in their responsive pleading, this Court lacks federal question jurisdiction under the well-pleaded complaint rule. *See Rivet*, 522 U.S. at 475; *see also, e.g.*, *Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-MRWx, 2015 WL 6948576, at *4 (C.D. Cal. Nov. 10, 2015) (remanding unlawful detainer action to state court); *McGee v. Seagraves*, No. 06-CV-0495-MCE-GGH-PS, 2006 WL 2014142, at *3 (E.D. Cal. July 17, 2006) (same).

//

Accordingly, Defendants have failed to meet their burden of establishing this Court's jurisdiction under 28 U.S.C. § 1331. Thus, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, because the Court lacks jurisdiction over this case, the Court **TERMINATES** Defendants' motions to proceed *in forma pauperis* (ECF Nos. 2, 4, 5).

**In addition, the Court warns Defendants that any further attempt to remove this action without an "objectively reasonable basis for removal" may result in an award of attorneys' fees for Plaintiff.** *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); 28 U.S.C. § 1447(c); *see also Wells Fargo Bank Nat'l Ass'n v. Vann*, No. 13–cv–01148–YGR, 2013 WL 1856711, at *2 (N.D. Cal. May 2, 2013) (awarding $5,000.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c) following defendant's third attempt to remove unlawful detainer action despite the court's two prior orders remanding the action).

**IT IS SO ORDERED.**

DATED: June 22, 2017

Hon. Cynthia Bashant
United States District Judge